JOHN M. ANDERSON, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellants.

*N. Y. Supreme Court, Second Department, General Term, June 28, 1889.*

*Verdict.   Conflict of evidence.*—An appellate court, whatever the influence which controlled the jury may be, cannot set aside their verdict, where any of the material facts are strongly litigated, though the appellant has the preponderance of witnesses.

Appeal from a judgment entered on a verdict, and from an order denying a motion for a new trial.

*Tracy, MacFarland, Boardman & Platt,* for appellant.

*Samuel Keeler (C. S. Rust,* of counsel), for respondent.

BARNARD, P. J.—The plaintiff, on the 6th of January, 1888, was driving a coal wagon at Union Hill, N. J. This place is in Weehawken, and the defendant operates its railroad through the place, crossing William street nearly at right angles. The wagon of the plaintiff was loaded with coal, and the accident occurred between eight and nine o'clock in the morning. There were gates at the crossing and these gates were up. It was a matter of dispute whether the flagman was there, and the jury have found that he was not. The plaintiff slowly approached the crossing in the rear of a brewer's truck. He stopped and listened when he got near the track; he heard nothing and saw nothing. There was a train of cars standing on the track. These cars were very high. The cars obstructed the view until the plaintiff reached the second track, which was that of the defendant, and then just as his horse's fore feet got upon the track an engine attached to a heavy train struck the horse and threw out the plaintiff from the wagon. He

was injured by the fall. The principal question litigated was one of fact, whether or not the signals were given before arriving at the crossing. The plaintiff says they were not. He is supported by the witness, Mohrinhagen, who was tending a coal wagon near by. He says there was no bell ringing, and that the flagman only came out after the brewery wagon driver sounded an exclamation of alarm. The driver of the brewery wagon, Schell, is still more explicit. He testifies that there was no signal given by the people in the engine, " nothing, no steam, no bell ringing, nothing at all." He also says there was no flagman at the crossing. He barely escaped accident by whipping up his four horses. The defendant gives evidence tending to show that the bell was ringing before the crossing was reached. One witness, Mervin, who so testifies, did not see any beer wagon, and he was on the cab looking out. The engineer, brakeman and flagman testify that the bell was rung, but neither saw or heard of the brewery wagon in front of the plaintiff. Ruby and Rirz, two employees of the defendant, also testify to the ringing of the bell. In number the defendant had a preponderance of witness. The plaintiff's witnesses were believed by the jury. The instruction, care and caution in the presence of danger probably had an influence with the jury. It is not likely or reasonable that a person would approach a dangerous place in the presence of the warning signals of the danger. Whatever the influence which controlled the jury, an appellate court cannot set aside a verdict when the fact of the signals being given and material surrounding facts are so strongly litigated.

All concur.